# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC RAY MALONE, | ) | |
|          **Plaintiff** | ) | **C.A. No. 23-242 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| TOYOTA MOTOR SALES, INC.,** | ) | |
|          **Defendant.** | ) | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff initiated this action by filing a complaint seeking confirmation of an arbitration award that was issued by the California Dispute Settlement Program in his favor and against Defendant Toyota Motor Sales, Inc., on August 27, 2021 [ECF No. 1].

### A.   Other Court Proceedings

Plaintiff previously filed an action seeking to confirm the same arbitration award on or about February 9, 2022, in the United States District Court for the Central District of California, at Case No. CV-22-929-FMO (PVCx) [ECF No. 23-1, at pp. 2-8]. On December 19, 2022, the Central District Court of California granted Defendant's motion to dismiss that action based on a lack of diversity jurisdiction, finding that both Plaintiff and Defendant were citizens of the State of California. [ECF No. 23-1, at pp. 11-13]. Plaintiff appealed the decision to the Ninth Circuit Court of Appeals on the same date. [ECF No. 23-1, at p. 10].

The current action was filed in this Court on August 17, 2023, while the Ninth Circuit appeal was still pending. On or about October 19, 2023, the Ninth Circuit Court affirmed the Central District Court of California's decision to dismiss the matter for lack of diversity

jurisdiction [ECF No. 23-1, at pp. 18-19]. Plaintiff appealed the Ninth Circuit Court's decision to the United States District Court of Appeals for the Federal Circuit on or about January 10, 2024. [ECF No. 23-1, at p. 22].[1]

On or about March 25, 2024, Plaintiff filed a petition to confirm the same arbitration award in the Superior Court of California, County of Riverside, Desert Branch ("California Superior Court"), at Case No. CVPS2401787. [ECF No. 37, at p. 6]. In response, Defendant asked the court to vacate the arbitration award on the grounds that the arbitration was obtained by corruption, fraud or other undue means, and the arbitrator exceeded his authority and the award could not be corrected.  A hearing on Plaintiff's petition was held before the California Superior Court on May 10, 2024, at which time the court issued a tentative ruling denying Plaintiff's petition and granting Defendant' petition to vacate the arbitration award, finding that the award was obtained by corruption, fraud, or other undue means. [ECF No. 44-1]. A final order reflecting the tentative ruling was issued by the California Superior Court on June 17, 2024. [ECF No. 51-1].

**B.    Present Court Proceedings**

Presently pending before this Court is Defendant's motion to dismiss [ECF No. 23], arguing, *inter alia*, that this Court lacks subject matter jurisdiction because there is no diversity of citizenship between the parties.[2] In particular, Defendant notes that it is a California corporation, while Plaintiff is a citizen of California, as evidenced by Plaintiff's listing of a California address on the complaint and multiple other filings in this case, as well as the Central

---

[1]
This appeal was ultimately dismissed by the Federal Circuit Court on or about April 26, 2024. [ECF No. 43].

[2]
Also pending are Plaintiff's motion to transfer case to Johnstown [ECF No. 9], and two motions to alter judgment [ECF Nos. 44, 45]. These motions will be dismissed as moot in light of the Court's decision herein.

District Court of California's conclusion that Plaintiff is a California citizen. In response, Plaintiff filed an opposition brief [ECF No. 24] and an affidavit [ECF No. 31] contending that he is a citizen of Pennsylvania. Attached to Plaintiff's affidavit is a voter registration card from Blair County, Pennsylvania indicating that Plaintiff's registered address is 500 Belaire Road, Hollidaysburg, PA; however, the enrollment date on the card is September 28, 2023, which post-dates the filing of the present action. [ECF No. 31-1].

To clarify Plaintiff's domicile for purposes of determining the Court's jurisdiction based on the parties' diversity of citizenship, this Court held an evidentiary hearing on July 25, 2024, at which Defendant's counsel appeared in person and Plaintiff appeared by video via Zoom. At the outset of the hearing, Defendant's counsel submitted a copy of the California Superior Court's final order granting Defendant's request to vacate the arbitration award at issue and argued that this case should be dismissed on the grounds of issue preclusion, as well as for lack of diversity jurisdiction. Then, regarding Plaintiff's domicile, Plaintiff offered testimony that the last time he was in Pennsylvania was in 2016, when he remained for about a month, and that the last time before that was June 2012, when he lived in Bloomsburg, Pennsylvania. Plaintiff testified that he currently resides in California and that he voted in California during the last presidential election in 2020. Plaintiff also acknowledged that the return address written on the first page of his complaint in this action contains a California address. Plaintiff did not offer any documentary evidence to support his contention that he is domiciled in Pennsylvania.[3]

Defendant's motion to dismiss is now ripe for consideration.

---

[3] The Court notes that Plaintiff did call his partner, Donald Radowski, as a witness to offer testimony regarding Plaintiff's domicile; however, the testimony often conflicted with Plaintiff's own testimony, causing Plaintiff to frequently interject his own comments in an attempt to correct the testimony being offered. In short, the Court found Mr. Radowski's testimony to be contrived and wholly unreliable.

## II.   DISCUSSION

### A.   Diversity of Citizenship

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of different States." Because diversity of citizenship is a jurisdictional requirement, it is within the exclusive purview of the Court to determine whether diversity exists. Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). We determine the citizenship of the parties based on the relevant facts at the time the complaint was filed. Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011) (citations omitted). The party asserting diversity of citizenship has the burden of proving its existence, and this burden must be met by a preponderance of the evidence. Id.

A party's citizenship is determined by his domicile, and "'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" Id., quoting McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). Thus, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." Id., citing Frett–Smith v. Vanterpool, 511 F.3d 396, 400–01 (3d Cir.2008). When the objective and subjective concur, one's domicile is immediately established. Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972).

One's domicile is "generally, the center of one's business, domestic, social and civic life." Frett-Smith, 511 F.3d at 401. Courts must also consider statements by an individual claiming a particular state as his or her domicile. See Washington, 652 F.3d at 346-47. However,

4

"[o]ne's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words." Korn v. Korn, 398 F.2d 689, 691 (3d Cir.1968).

Here, the complaint is devoid of any allegations regarding Plaintiff's residence or domicile; however, at the top left corner of the first page of the complaint, Plaintiff notes his return address as "PO Box 149, Palm Springs, CA 92263" [ECF No. 1], and he has consistently used various addresses in California as his mailing and/or residence address. Indeed, Plaintiff filed a notice with this Court on November 14, 2023, requesting that all case filings be sent to him at "PO Box 581205, North Palm Springs, CA 92258." [ECF No. 14].[4] Thus, it is apparent from the record that Plaintiff has been litigating this case from California.

In fact, according to Plaintiff's own testimony, the last time he was present in Pennsylvania was in 2016, for approximately one month, and he has not resided in Pennsylvania since June 2012. This testimony is buttressed by a letter Plaintiff wrote to the United States District Court for the Central District of California on March 4, 2022, in which Plaintiff states that, at that time, he had been "a resident of California for the past ten years." [ECF No. 7, at p. 75). Thus, to the extent the record contains any evidence of Plaintiff's domicile, it not only fails to meet Plaintiff's burden of proving he is a Pennsylvania citizen, but weighs heavily in favor of finding that Plaintiff was domiciled in California at the time he filed this action. See Krasnov, 465 F.2d at 1300-01, quoting Gallagher v. Philadelphia Transp. Co., 185 F.2d 543, 546 (3d Cir.

---

4

Plaintiff has also used a resident address of 74525 Daylily Cir., Palm Desert, CA 92260 [ECF Nos. 18, 19, 21. 29, 35, 44, 51-3, 51-4, 51-5, 51-7].

1950) ("If [a] new state is to be one's home for an indefinite period of time, he has acquired a new domicile").

Because Plaintiff has failed to establish there is diversity of citizenship between the parties, this Court lacks subject matter jurisdiction over this matter and this case will be dismissed.

### B.    Issue Preclusion

Alternatively, even if Plaintiff was able to establish diversity of citizenship between the parties, the enforceability of the arbitration award at issue is precluded by the doctrine of collateral estoppel, or issue preclusion. Issue preclusion prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231–32 (3d Cir.1995), quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992). In its classic form, collateral estoppel also requires "mutuality"—i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-27 (1979).

Here, the issue of determining the enforceability of the same arbitration award sought to be enforced in this action was actually litigated by the same parties before the California Superior Court. In that action, the court not only denied Plaintiff's petition to enforce the arbitration award, but also granted Defendant's motion to vacate the award, finding that the award was obtained by corruption, fraud, or other undue means. [ECF No. 51-1]. This

6

determination is a valid and final judgment on the very issue pending before this Court, and is binding upon both parties. Moreover, the judgment of the California Court vacating the same arbitration award Plaintiff seeks to enforce here renders the present action moot. Thus, the Court is precluded from determining the present matter, even if it had subject matter jurisdiction to do so.

An appropriate Order follows.